FA'ATILIGA TAPUVAE, MAFA TUIKA, TU'UTAU P. FANENE,
TIA PENITUSI, ERIC HOWLAND, LOUISULU LE'I,
POPOALI'I UOTI, FAIVALE GA'OPO'A, ROBERT KEY,
PASELIO LEATISUA, and NOFO VAILAAU, for
themselves, for the AMERICAN SAMOA DEVELOPMENT
CORPORATION (ASDC), and for shareholders of ASDC
similarly situated, Plaintiffs,

v.

A.P. LUTALI as individual, as former Director and
President of ASDC, and as Governor of American
Samoa, ENI HUNKIN as individual and as Lieutenant
Governor of American Samoa, STEVE WATSON as
individual and as Executive Assistant to the
Governor, J.R. SCANLAN as individual, as Assistant
to the Governor and as Director of ASDC,
LEULUMOEGA S. LUTU as individual and as Attorney
General of American Samoa, JOHN SAMIA as
individual and as Chairman of the Board of
Directors of ASDC, FAAUUGA ACHICA as individual
and as Secretary of ASDC, VERA ANNESLEY as
individual and as Director of ASDC, FAIIVAE
A. GALEA'I as individual and as Director of
ASDC, TUIAFONO MATAUTIA as individual and as
Director of ASDC, SILI K. SATAUA as individual
and as Director of ASDC, AIGA TASI, Inc., LI'A
AFUVAI as an officer of Aiga Tasi Inc., and
DEVELOPMENT BANK OF AMERICAN SAMOA, Defendants

High Court of American Samoa
Trial Division

CA No. 103-86

December 5, 1986

124

Before REES, Chief Justice.

Counsel: For the Plaintiffs, Aviata Fa'alevao
For the Defendants, Phyllis Coven,
Assistant Attorney General

Counsel for defendant Governor A.P. Lutali have moved to quash plaintiffs' subpoena of Governor Lutali to testify at the trial.

Only in extraordinary circumstances will a court compel the testimony of the chief executive of the jurisdiction in which the court sits. The cases cited by counsel for the Governor, holding that chief executives and other administrative officials may not be questioned with regard to their quasi-judicial review of administrative procedures, are one instance in which the executive immunity from such compulsion is virtually absolute. In other cases, more general concerns having to do with the respect due to the leader of a co-ordinate branch of government, the fact that in most instances the information available from the chief executive can be just as easily obtained from lesser officials, and the recognition that the chief executive is an extraordinarily busy person will make a court most reluctant to allow a party to compel his testimony. On these grounds this Court recently granted without a hearing a motion to quash a scheduled second deposition of Governor Lutali in this case. On the other hand, concern for the right of a litigant to his day in court prevents executive immunity from being absolute. Although the rule varies from jurisdiction to jurisdiction and from case to case, a fair summary is that a party may compel such testimony only if it seems absolutely necessary to make out his case and the party can convince the court that there is at least some chance that the testimony will enable him to prevail.

In this case plaintiff has accused Governor Lutali of intimate personal involvement in a scheme to sell the Rainmaker Hotel for far less than its actual value and to turn over the management of the hotel to people who are alleged to have squandered the assets of the hotel in various ways including the forgiveness of debts owed by the Governor's campaign organization. Counsel for the government have characterized these charges as totally unfounded, and at present the Court has seen nothing to substantiate them. If Governor Lutali's actions since assuming office were the only area in which plaintiffs sought to compel his testimony, the Court would be strongly inclined to require that plaintiffs produce other evidence both of the improper activities and of the Governor's personal involvement in them before being allowed to compel his testimony.

In this case, however, a major area in which the Governor's testimony is sought concerns events that happened before he became Governor. It happens that Governor Lutali was one of five directors of the American Samoa Development Corporation during the time when many of the transactions leading up to the government's assertion of ownership of eighty per cent of the shares in the corporation took place. Moreover, it appears that at least three of the other four former directors are unavailable to testify by reason of absence from the Territory, and that some of the documentary evidence surrounding the transactions may have been destroyed in a fire. Under these circumstances the denial to plaintiffs of the right to call Governor Lutali as a witness would be manifestly unjust. The Court must therefore reluctantly deny the motion to quash the subpoena.

The Governor will not, however, be required to be present in the courtroom throughout the trial waiting to testify. Counsel for plaintiffs should calculate the approximate time at which they plan to call the Governor to testify and should notify his counsel immediately. If that time is inconvenient the Court will attempt to work around the Governor's schedule. The Court also expects that counsel will observe the high standards of decorum and courtesy required by the Code of Professional Responsibility and by the traditions of the Samoan people.